UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>    ROBERT T. MONASTRA,<br><br>              Debtor(s). | Chapter 7<br><br>Bankruptcy No. 09-15638 ELF |
| CHRISTINE MONASTRA,<br><br>              Plaintiff(s),<br><br>              v.<br><br>ROBERT T. MONASTRA,<br><br>              Defendant(s). | Adv. No. 10-090 ELF |

# MEMORANDUM

## I.

Debtor Robert T. Monastra ("the Debtor") commenced a chapter 13 bankruptcy case on July 30, 2009, which was later converted by the Debtor to a chapter 7 case on August 7, 2009. On March 15, 2010, Plaintiff Christine Monastra ("the Plaintiff") initiated the above adversary proceeding by a filing a complaint ("the Complaint"). In the Complaint, the Plaintiff objects to the Debtor's discharge under 11 U.S.C. §727(a)(2) and (4) and, alternatively, requests a determination that certain debts owed to her are nondischargeable under either 11 U.S.C. §523(a)(5) or (15). The Debtor answered the Complaint on April 15, 2010.

The Plaintiff filed a Motion for Judgment on the Pleadings ("the Motion") on August 2, 2010. In the Motion, the Plaintiff requests that judgment be entered in her favor on her

-1-

nondischargeability claim. The Debtor filed a belated response to the Motion on September 23, 2010.

The Motion will be granted and an order will be entered determining that the Debtor's debt to the Plaintiff is nondischargeable. After the entry of the order, the adversary proceeding will remain open pending disposition of the Plaintiff's claim under §727(a).[1]

## II.

Based on the admissions in the Debtor's Answer to the Complaint, the following facts are undisputed.

Prior to the commencement of this bankruptcy case, the Debtor filed a divorce action against the Plaintiff in the Court of Common Pleas, Delaware County, Pennsylvania, docketed as No. 07-7121 ("the Divorce Action"). In the Divorce Action, a number of orders were entered, including the following:

1. Order dated October 22, 2007 – awarding the Plaintiff counsel fees of $500.00 and costs in connection with an emergency petition for injunctive and special relief.

2. Order dated August 15, 2008 – directing the Debtor to return an automobile to the Plaintiff and subjecting the Debtor to a fine of $100.00 per day for each day he fails to do so.

3. Order dated February 23, 2009 – holding the Debtor in contempt of the court's prior order

---

[1] At a pretrial conference, the Plaintiff indicated her intention to voluntarily dismiss her objection to discharge based on her expectation of prevailing on the §523(a) nondischargeability claim. However, if a creditor is successful in obtaining a nondischargeability determination under §523(a), the creditor must nonetheless continue to pursue the pending objection to discharge under §727(a). This is so because a creditor who initiates an objection to discharge under 11 U.S.C. §727(a) does so on behalf of all creditors and "loses the ability to act solely in its own interest." In re Childs, 2006 WL 6508183, at *4-5 (Bankr. N.D. Tex. Mar. 30, 2006) (citing Young v. Higbee Co., 324 U.S. 204, 212-13 (1945)), aff'd 2007 WL 92392 (N.D. Tex. Jan 12, 2007)). For cause, and with notice to creditors, the court may permit a plaintiff to voluntarily dismiss a §727(a) claim. See Fed. R. Bankr. P. 7041.

dated January 20, 2009 (relating to the sale of real estate), confirming the award of sanctions of $5,000.00 and additional sanctions of $2,500.00 "in favor of" the Plaintiff and assessing additional sanctions of $100.00 per day for each day the Plaintiff fails to comply with the order.

4. <u>Order dated February 23, 2009</u> – holding the Debtor in contempt of the court's prior order dated January 20, 2009 (relating to a petition for accounting, return of funds and change of UPUTMA custodian), awarding sanctions of $2,500.00 "in favor of" the Plaintiff and assessing additional sanctions of $100.00 per day for each day the Plaintiff fails to comply with the January 20, 2009 order.

5. <u>Order dated July 20, 2009</u> – holding the Debtor in contempt of a prior order dated February 23, 2009, awarding sanctions against him and "in favor" of the Plaintiff in the amount of $2,500.00 for attorney's fees, and assessing sanctions of $100.00 per day for each day the Debtor failed to comply with a prior order dated January 20, 2009.

6. <u>Order dated July 27, 2009</u> – holding the Debtor in contempt of a prior order dated February 23, 2009 and awarding sanctions against him and "in favor of" the Plaintiff in the amount of $1,000.00.

### III.

Fed. R. Civ. P. 12(c), incorporated by Fed. R. Bankr. P. 7012, provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

Rule 12(c) permits a court to enter a dispositive order when the pleadings reveal that no material facts are in dispute and only questions of law remain. <u>Corestates Bank, N.A. v. Huls Am., Inc.</u>, 176 F.3d 187, 193 (3d Cir. 1999); 5C Charles A. Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> §1367, at 206-08 (3d. ed. 2004) ("Wright & Miller"). In considering a motion for judgment on the pleadings, the court views the facts set out in the pleadings and the inferences therefrom in the light most favorable to the nonmoving party. <u>Conrail v. Portlight, Inc.</u>, 188 F.3d 93 (3d Cir. Pa. 1999); <u>Nesmith v. Independence Blue Cross</u>, 2004 WL 253524 *3

(E.D.Pa. Feb. 10, 2004).

## IV.

11 U.S.C. §523(a)(5) provides that a chapter 7 discharge does not discharge any debt "for a domestic support obligation." The Bankruptcy Code defines a "domestic support obligation" as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> **(A)** owed to or recoverable by—
>
> > **(i)** a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> >
> > **(ii)** a governmental unit;
>
> **(B)** in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> **(C)** established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
> > **(i)** a separation agreement, divorce decree, or property settlement agreement;
> >
> > **(ii)** an order of a court of record; or
> >
> > **(iii)** a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> **(D)** not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. §101(14A).

11 U.S.C. §523(a)(15) provides that a chapter 7 discharge does not discharge any debt:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

In this adversary proceeding and the Motion, the Plaintiff seeks a determination that the debts arising from the orders entered in the Divorce Action are nondischargeable. The Plaintiff makes the following logical argument: The debts arising from the court orders in the Divorce Action are nondischargeable either: (1) under 11 U.S.C. §523(a)(5) because they meet the definition of "domestic support obligation," in that they obligations are in the nature of alimony, maintenance of support or (2) under §523(a)(15) because they are "not of the kind described" in §523(a)(5), but were indisputably entered in a divorce action and therefore, were "incurred in connection with a . . . divorce decree or other order of a court of record."

The Plaintiff's argument is supported by recent case law. In In re Tarone, 434 B.R. 41 (Bankr. E.D.N.Y. 2010), the court reasoned:

> It is undisputed that the maintenance and attorneys' fees awarded by the State Court are debts that were incurred by the Debtor in the course of the divorce proceedings. As such, it is irrelevant whether those awards constitute true support obligations, because even if not encompassed within § 523(a)(5), they are nondischargeable pursuant to § 523(a)(15).

Id. at 49; accord In re Schenkein, 2010 WL 3219464, at *5 (Bankr. S.D.N.Y. Aug. 9, 2010); see also In re Blackburn, 412 B.R. 710, 711 (Bankr. W.D. Pa. 2009) (debt held nondischargeable under §523(a)(15) where there was no dispute that it arose from a divorce decree).

In his response to the Motion, the Debtor argues that the debts at issue are not

-5-

nondischargeable domestic support obligations under §523(a)(5) because they are not for the support or maintenance of the Plaintiff or her dependent. However, even assuming the Debtor is correct in his contention concerning §523(a)(5), he does not provide a persuasive reason why §523(a)(15) does not apply.

Courts have identified three elements in a nondischargeability claim under §523(a)(15): (1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in § 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record. In re Lewis, 423 B.R. 742, 750-51 (Bankr. W.D. Mich. 2010); In re Cheatham, 2009 WL 2827951, at *4 (Bankr. N.D. Ohio Sept. 2, 2009).

The Debtor asserts that the Plaintiff has not proven the first element. He claims that the Plaintiff does not "clearly specify that the amounts are payable to the Plaintiff." (Debtor's Response to Motion on the Pleadings at 1). However, the plain language of the orders belies this argument. Each of the awards in the orders were entered "in favor of" the Plaintiff, not any third party.[2]

Next, the Debtor argues, without citation to any authority, that the debts at issue "have not been finalized or awarded" by the state court "and cannot be subject to adversary proceedings." (Debtor's Response at 1) However, nothing in the language of the court orders

---

[2] Even if the state court order were entered in favor of a third party (presumably for goods or services provided to the Plaintiff for which the Plaintiff is obligated to pay), there is case law holding that such debts are nondischargeable under §523(a)(15). E.g., Prensky v. Clair Greifer, LLP, 2010 WL 2674039 (D.N.J. June 30, 2010). There is also contrary authority. E.g., In re Poppleton, 382 B.R. 455 (Bankr. D. Idaho 2008). I need not reach that issue in this adversary proceeding because all of the orders entered in the Divorce Action obligated the Debtor to pay the Plaintiff.

imposing liability on the Debtor is tentative or is conditional in any sense. On their face, all of the orders are final determinations and I perceive no reason why the dischargeability of the debts arising under the orders cannot be determined in this adversary proceeding.[3]

## V.

Based on the pleadings, there are no factual disputes and the Plaintiff is entitled to judgment as a matter of law. The Debtor owes debts to the Plaintiff based upon court orders entered in connection with a state court divorce proceeding. These debts are nondischargeable under either 11 U.S.C. §523(a)(5) or (15).

An appropriate order will be entered.

Date: **October 6, 2010**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

---

[3] The Debtor also conclusorily states that the amounts claimed by the Plaintiff are "not substantiated by the exhibits." (Debtor's Response to Motion on the Pleadings at 2) However, the court orders are plain and clear in imposing monetary liability on the Debtor. I do not understand the basis of the Debtor's argument that the debts are not substantiated.